(No. 74-CV-82–

MARY PAYTON, on behalf of IRENE DENNIS, Deceased, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 1, 1975.*

MARY PAYTON, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred March 19, 1974, at 7339 South Coles, Cook County, Chicago, Illinois. Mary Payton, claimant, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act", *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (Hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and fur-

nished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Mary Payton, was the mother of the victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Murder". (*Ill. Rev. Stat., 1973, Ch. 38, §9-1.)*

2. That on March 19, 1974, the victim's body was found bound and gagged with a stab wound in the chest by the janitor in her building.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any wrongful act or provocation by the claimant for her death.

4. That the victim's body was transported to South Shore Hospital in Chicago, where she was pronounced D.O.A. The remains were then transferred to the Cook County Morgue. A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

5. That the victim and her assailant were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials and claimant has fully cooperated with their requests for assistance. However, the assailants have not been identified at this time.

7. That the claimant seeks compensation for funeral and burial expenses.

8. That funeral and burial expenses were paid by the claimant in the amount of $1,703.00.

9. That life insurance benefits were paid by Metropolitan Life Insurance Company to the victim's brother, Melvin Payton, and sister, Carolyn Payton, in the amount of $10,000 each as a result of the victim's death.

10. That both Carolyn Payton and Melvin Payton have waived all claims that they have pursuant to the Crime Victims Compensation Act as a result of the victim's death.

11. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

(d) "shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that wound inure to the benefit of the applicant . . .)".

12. That, in this claim before us, the claimant has not received any benefits from other sources. The statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶8, leaves a loss compensable under the Act of $1,503. Hence, the claimant is entitled to an award in the amount of $1,503.

It Is Hereby Ordered that the total sum of $1,503 be awarded to the claimant, the mother of an innocent victim of a violent crime.

It Is Further Ordered that the sum of $999.99 (Nine Hundred Ninety-Nine Dollars and Ninety-Nine Cents) be paid immediately from the Court of Claims Fund to Mary Payton, as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $503.01 be

referred forthwith to the General Assembly for its approval.